# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DIANE HARPER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>O'CHARLEY'S, LLC, )<br>)<br>    Defendant. ) | CIVIL ACTION 16-0577-WS-M |

**ORDER**

This matter comes before the Court on defendant's Motion for Leave to File Third-Party Complaint (doc. 15) and defendant's Motion for Leave to Amend Answer (doc. 16). Both Motions are timely filed in conformity with applicable deadlines set forth in the Supplemental Rule 16(b) Scheduling Order (doc. 13).

With respect to the Motion for Leave to File Third-Party Complaint, defendant, O'Charley's, LLC, explains that it seeks to join as a third-party defendant Neel-Schaffer, Inc., the contractor who prepared the site development plan in 1996 for the parking lot that is the subject of this lawsuit. O'Charley's also wishes to join as third-party defendants "Fictitious Parties 1, 2, 3 and 4," which are described generally in the proposed Third-Party Complaint as "entities, persons, firms, corporations, LLCs responsible for the design, construction, supervision and/or development for … the access ramps, sidewalks and parking lot which are the subject of this litigation." (Doc. 15-1, ¶ 3.) O'Charley's indicates that plaintiff has no objection to the Motion for Leave to File Third-Party Complaint. Moreover, the Court perceives nothing dilatory, improper, or unfairly prejudicial about defendant's efforts to pursue a third-party complaint at this time. On that basis, and with one caveat discussed below, the Motion for Leave to File Third-Party Complaint is due to be granted pursuant to Rule 14(a), Fed.R.Civ.P.

The caveat is as follows: O'Charley's seeks to include among the third-party defendants four fictitious parties identified in only the most general terms in the proposed pleading. As a matter of well-settled law, however, fictitious-party practice is generally not allowed in federal

court, absent certain limited circumstances not alleged to be present here. *See, e.g., Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court."); *Shaw v. City of Selma*, 241 F. Supp.3d 1253, 1261 n.2 (S.D. Ala. 2017) ("Magistrate Judge Milling ordered those references to fictitious defendants stricken on the ground that fictitious party pleading is not generally recognized in federal court. This is a correct application of federal procedure."); *John Hancock Life Ins. Co. (USA) v. Andrews*, 2015 WL 8346965, *1 n.1 (N.D. Ga. Dec. 8, 2015) ("Fictitious party pleading is not permitted in federal court, unless Plaintiff describes the defendants with enough specificity to determine their identities."); *see generally* Rule 10(a), Fed.R.Civ.P. ("The title of the complaint must name all the parties …."). The proposed Third-Party Complaint submitted by O'Charley's contains only generic references to unnamed persons or entities who allegedly performed work on defendant's parking lot more than two decades ago; therefore, it falls squarely within the prohibition on fictitious-party practice. For that reason, all references to fictitious parties must be stricken from the proposed Third-Party Complaint before O'Charley's submits it in final form.

Based on the foregoing, Defendant's Motion for Leave to File Third-Party Complaint is **granted in part**, and **denied in part**. Defendant is authorized to file a third-party complaint against Neel-Schaffer, Inc., but it is not authorized to do so against "Fictitious Parties 1, 2, 3 and 4." Pursuant to Section II.A.6 of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, O'Charley's is **ordered**, on or before **September 22, 2017**, to file as a freestanding pleading its Third-Party Complaint, in substantially the same form as the proposed amended pleading appended to its Motion as Exhibit A, except that all references to "Fictitious Parties 1, 2, 3 and 4" must be deleted.

As for defendant's Motion for Leave to Amend Answer, O'Charley's states that, based on information obtained during the discovery process, it now wishes to amend its Answer to assert five additional affirmative defenses (*i.e.*, defects not designed by O'Charley's, defects not constructed by O'Charley's, injuries caused by negligence of Neel-Schaffer, Inc. or other third parties, assumption of risk, no conduct warranting punitive damages). Although it affirmatively stated that plaintiff had no objection to the Motion for Leave to File Third-Party Complaint, defendant offers no such representations as to plaintiff's position on the Motion for Leave to Amend Answer. In an abundance of caution, the Court enters the following briefing schedule: Any party opposing the Motion for Leave to Amend Answer must file a response, supported by

legal authority as appropriate, on or before **September 25, 2017**. If no response is filed by that date, the Court will assume that the Motion is unopposed and will promptly grant same pursuant to the liberal amendment policy set forth in Rule 15(a)(2), Fed.R.Civ.P. If a timely response is filed, then O'Charley's will be allowed until **September 29, 2017** to file a reply, at which time the Motion will be taken under submission.[1]

DONE and ORDERED this 15th day of September, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] If the amendment is allowed, the Court will direct O'Charley's to file its Amended Answer as a single, integrated pleading that includes both the original Answer and the additional affirmative defenses enumerated in Attachment A to the Motion for Leave to Amend Answer.